# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U FLEX PACKAGING INC., <br><br> Plaintiff, <br><br> v. <br><br> GREAT AMERICAN SPIRIT INSURANCE COMPANY, <br><br> Defendant. | Civ. Action No: _____ <br><br> **NOTICE OF REMOVAL** <br><br> *Document Filed Electronically* |

**TO:**  CHIEF JUDGE AND JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**ON NOTICE TO:**

Clerk – Law Division
Superior Court of New Jersey
Bergen County Justice Center
10 Main Street
Hackensack, New Jersey 07601

Patrick J. Jennings, Esq.
Counselor at Law
155 Polifly Road
Suite 201
Hackensack, New Jersey 07601
pjjennlaw@aol.com
*Attorney for Plaintiff*
*U Flex Packaging, Inc.*

**PLEASE TAKE NOTICE** that Defendant, Great American Spirit Insurance Company ("Great American"), by and through its counsel, Coughlin Midlige & Garland, LLP, hereby removes this action from the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No. BER-L-2850-24 (the "Action"), pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1332, as amended, on the following grounds:

1. Plaintiff, U Flex Packaging, Inc. ("U Flex"), through the Action, seeks a declaration that it is entitled to coverage under an insurance policy issued by Great American for a loss of funds allegedly sustained on or about February 1, 2024. U Flex also alleges breach of contract against Great American under said insurance policy, as well as causes of action for breach of the implied covenant of good faith and fair dealing and for bad faith.

2. As more fully set forth below, the Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied and because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

I. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

3. On or about May 14, 2024, U Flex filed an original Complaint bearing docket number BER-L-2850-24 ("Complaint") with the Clerk of the Superior Court of New Jersey, Bergen County, New Jersey. (A true and accurate copy of the original Complaint is annexed hereto as "Exhibit A").

4. The Action was assigned to "Track 1," for purposes of discovery, by the Superior Court of New Jersey, Law Division, Bergen County. (A true and accurate copy of the Track Assignment Notice is annexed hereto as "Exhibit B").

5. On or about May 21, 2024, U Flex filed an Amended Complaint ("First Amended Complaint") in the Action. (A true and accurate copy of the First Amended Complaint is annexed hereto as "Exhibit C").

6. On or about May 31, 2024, U Flex filed its second Amended Complaint ("Second Amended Complaint") in the Action. (A true and accurate copy of the Second Amended Complaint, with Summons dated June 5, 2024, is annexed hereto as "Exhibit D").

7. Great American was served with U Flex's Summons and Second Amended Complaint effective June 5, 2024, with counsel for Great American acknowledging service on June 10, 2024. (The executed Acknowledgment of Service is annexed hereto as Exhibit "E.") Removal is timely under 28 U.S.C. § 1446(b) because this notice was filed within 30 days after service was effected upon Great American.

8. In its Second Amended Complaint, U Flex, a citizen of New Jersey, names as a Defendant, Great American, a citizen of Ohio. (*See* Second Amended Complaint, Exhibit D ¶¶ 1-2.) The parties' citizenship particulars are detailed below.

9. In its Second Amended Complaint, U Flex seeks compensatory, consequential incidental and punitive damages based upon Great American's declination of coverage for a loss of funds by U Flex in an amount exceeding $75,000. (*See* Second Amended Complaint, Exhibit D, Second Count – Breach of Contract.) The particulars pertaining to the amount in controversy are detailed below.

10. Because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest, the Action is removable pursuant to 28 U.S.C. § 1332.

11. The United States District Court for the District of New Jersey encompasses the locality in which the Action is now pending and, thus, this Court is a proper forum pursuant to 28 U.S.C. § 1441(a).

12. No previous application has been made for the relief requested herein.

13. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders are attached hereto.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served promptly on all parties, and a copy will be filed promptly with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

15. No admission of fact, law or liability is intended by the filing of this Notice of Removal, and all defenses, motions and pleas are expressly preserved.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

### A.   Diversity of Citizenship Exists Between the Properly Pled Parties

17. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

### 1. The Citizenship of U Flex

18. At the time of service of the Summons and Second Amended Complaint and presently, U Flex was and is a New Jersey citizen in that it is a corporation organized and existing under the laws of New Jersey and maintains its principal place of business in Ridgefield Park, New Jersey. (*See* Second Amended Complaint, Exhibit D, at ¶ 1; *see also* true and accurate copies of U Flex's Certificate of Incorporation, dated June 6, 2007, and Change of Registered Agent and Office, dated December 6, 2023, downloaded from database of the State of New Jersey's Department of the Treasury, Division of Revenue and Enterprise Services, annexed collectively hereto as "Exhibit F.") 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

### 2. The Citizenship of Great American

19. At the time of service of the Summons and Second Amended Complaint and presently, Great American was and is an Ohio citizen in that it is a corporation organized and existing under the laws of Ohio and maintains its principal place of business in Cincinnati, Ohio. (*See* Second Amended Complaint, Exhibit D, at ¶ 2; *see also* Declaration of Lisa Meier at ¶ 2.) 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

### B. The Amount in Controversy Requirement Is Satisfied

20. In its Second Amended Complaint, U Flex seeks a declaration that it is owed coverage under a Risk E-Business Cyber Loss and Liability Policy issued by Great American for a loss of funds that took place on or about February 1, 2024 which loss U Flex alleges directly

resulted from a "Social Engineering Attack," as defined by the Great American policy at issue. (*See* Second Amended Complaint, Exhibit D, at ¶¶ 7-12.)

21. While not specifically identified in the Second Amended Complaint, the loss of funds at issue involves an allegedly fraudulent banking transaction in the amount of $199,800.00, as illustrated by the first report of loss submitted to Great American on February 2, 2024. (The first report of loss, with redactions to the bank name, Payment Transaction Reference Number and Client Account Number for privacy purposes, is annexed to the Declaration of Lisa Meier as "Exhibit 1.")

22. The subject Great American policy (described within U Flex's Second Amended Complaint with a mistaken policy number and incorrect policy period) provides for a $100,000 sublimit in connection with the type of coverage U Flex claims to apply herein, specifically "Cyber Crime Loss" which is defined to include loss of funds resulting from a "Social Engineering Attack." (A true and accurate copy of the Risk E-Business Cyber Loss and Liability Insurance Policy, Policy CYP 3556568-01, issued by Great American to U Flex, effective February 15, 2023 to February 15, 2024, with redactions to premium information, is annexed to the Declaration of Lisa Meier as "Exhibit 2.")

23. In addition to compensatory damages, U Flex's Second Amended Complaint seeks consequential and punitive damages.

24. Based on the foregoing, the amount in controversy in this Action exceeds the sum or value of $75,000, exclusive of interest, fees, and costs.

**WHEREFORE**, Great American respectfully removes this Action from the Superior Court of New Jersey, Law Division, Bergen County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  June 28, 2024            By:     */s/ Laura Brady*_____
                                         Laura Brady, Esq.
                                         Patrick A. Florentino, Esq.
                                         COUGHLIN MIDLIGE & GARLAND LLP
                                         350 Mount Kemble Avenue
                                         PO Box 1917
                                         Morristown, New Jersey 07962
                                         (973) 267-0058
                                         Email: lbrady@cmg.law
                                         Email: pflorentino@cmg.law

                                         *Attorneys for Defendant*
                                         *Great American Spirit Insurance Company*

**LOCAL RULE 11.2 CERTIFICATION**

PURSUANT to Local Rule 11.2, the undersigned, counsel for Defendant, Great American Spirit Insurance Company, hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and no other action, arbitration or administrative proceeding is contemplated.

Dated:  June 28, 2024            By:    */s/ Laura Brady*_____
                                        Laura Brady, Esq.
                                        Patrick A. Florentino, Esq.
                                        COUGHLIN MIDLIGE & GARLAND LLP
                                        350 Mount Kemble Avenue
                                        PO Box 1917
                                        Morristown, New Jersey 07962
                                        (973) 267-0058
                                        Email: lbrady@cmg.law
                                        Email: pflorentino@cmg.law

                                        *Attorneys for Defendant*
                                        *Great American Spirit Insurance Company*