# EXHIBIT A

PATRICK J. JENNINGS, ESQ.
ATTORNEY ID NO. 003161989
155 POLIFLY ROAD
SUITE 201
HACKENSACK, NEW JERSEY 07601
(201) 342-2000
Attorney for Plaintiff,
U Flex Packaging, Inc.

| | |
|---|---|
| U FLEX PACKAGING INC. | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION - BERGEN COUNTY<br>:<br>: DOCKET NO.: |
| Plaintiff, | : |
| vs. | : |
| GREAT AMERICAN INSURANCE GROUP | : |
| Defendant. | : |

## COMPLAINT AND JURY DEMAND

Plaintiff, U Flex Packaging Inc. ("Plaintiff"), having a business at 55 Challenger Road, Suite 203, Ridgefield Park, New Jersey 07660 by way of Complaint against Defendant, Great American Insurance Group ("Defendant"), does hereby say:

### PARTIES

1. Plaintiff has a business address of 55 Challenger Road, Suite 203, Ridgefield Park, New Jersey 07660.

2. Defendant is authorized to do business in the State of New Jersey and has an address of 301 E. 4th Street, 19th Floor, Cincinnati, Ohio 45202.

## FACTS COMMON TO ALL COUNTS

4. At all times relevant herein, Defendant is an entity authorized by the State of New Jersey to write policies of insurance in the State of New Jersey, and writes such policies throughout the State of New Jersey, including Bergen County.

5. Plaintiff is an insured of Defendant under Policy No. CYP 3556562 ("the Policy").

6. The Policy is a Risk E-Business Cyber Loss and Liability Policy.

7. The Policy covers, *inter alia*, loss of funds directly resulting from a "Social Engineering Attack".

8. The Policy has effective dates of February 13, 2023 to February 15, 2024.

9. On or about February 1, 2024, Plaintiff sustained a loss as a result of a Social Engineering Attack as defined and as contemplated by the Policy.

10. Plaintiff promptly notified Defendant of the loss of funds sustained.

11. Contrary to the terms of the Policy, Defendant denied coverage and reimbursement of the loss of funds to Plaintiff.

12. Defendant's denial of the claim is in bad faith.

13. As a result of Defendant's denial of the claim, Plaintiff has been damaged.

## FIRST COUNT
### (Declaratory Judgment)

1. Plaintiff hereby repeats and incorporates by reference all allegations set forth above and incorporates same herein by reference.

2. Plaintiff and Defendant entered in the Policy and Plaintiff paid all premiums with respect to same.

3. Plaintiff sustained a loss of funds pursuant to the terms of the Policy which

Defendant was obligated to pay.

4. Despite being placed on notice of a claim within the terms of the Policy, Defendant has and continues to deny the claim and payment pursuant thereto.

5. Defendant's failure to pay to Plaintiff the loss of funds constitutes a material breach of contract.

6. As a result of Defendant's material breach of contract, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

A. A Declaratory Judgment that Plaintiff's loss of funds is required to be reimbursed to Plaintiff by Defendant pursuant to the Policy;

B. A Court Order requiring the payment of loss of funds from Defendant to Plaintiff pursuant to the Policy;

C. Compensatory damages;

D. Consequential damages;

E. Incidental damages;

F. Punitive damages;

G. Attorneys fees, sanctions and costs; and

H. Such other relief deemed by the Court to be equitable and just, as provided by law.

### SECOND COUNT
### (Breach of Contract)

1. Plaintiff hereby repeats and incorporates by reference all allegations set forth above and incorporates same herein by reference.

2. Plaintiff and Defendant entered in the Policy and Plaintiff paid all premiums with respect to same.

3. Plaintiff sustained a loss of funds pursuant to the terms of the Policy which Defendant was obligated to pay.

4. Despite being placed on notice of a claim within the terms of the Policy, Defendant has and continues to deny the claim and payment pursuant thereto.

5. Defendant's failure to pay to Plaintiff the loss of funds constitutes a material breach of contract.

6. As a result of Defendant's material breach of contract, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

A. A Declaratory Judgment that Plaintiff's loss of funds is required to be reimbursed to Plaintiff by Defendant pursuant to the Policy;

B. A Court Order requiring the payment of loss of funds from Defendant to Plaintiff pursuant to the Policy;

C. Compensatory damages;

D. Consequential damages;

E. Incidental damages;

F. Punitive damages;

G. Attorneys fees, sanctions and costs; and

H. Such other relief deemed by the Court to be equitable and just, as provided by law.

# THIRD COUNT
## (Breach of Implied Covenant of Good Faith and Fair Dealing)

1. Plaintiff hereby repeats and incorporates by reference all allegations set forth above and incorporates same herein by reference.

2. Plaintiff and Defendant entered in the Policy and Plaintiff paid all premiums with respect to same.

3. Implied in every contract in the State of New Jersey is a covenant of good faith and fair dealing.

4. Plaintiff sustained a loss of funds pursuant to the terms of the Policy which Defendant was obligated to pay.

5. Despite being placed on notice of a claim within the terms of the Policy, Defendant has and continues to deny the claim and payment pursuant thereto.

6. Defendant's failure to pay to Plaintiff the loss of funds constitutes a breach of the implied covenant of good faith and fair dealing.

7. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

A. A Declaratory Judgment that Plaintiff's loss of funds is required to be reimbursed to Plaintiff by Defendant pursuant to the Policy;

B. A Court Order requiring the payment of loss of funds from Defendant to Plaintiff pursuant to the Policy;

C. Compensatory damages;

D. Consequential damages;

E. Incidental damages;

F. Punitive damages;

G. Attorneys fees, sanctions and costs; and

H. Such other relief deemed by the Court to be equitable and just, as provided by law.

## FOURTH COUNT
### (Bad Faith)

1. Plaintiff hereby repeats and incorporates by reference all allegations set forth above and incorporates same herein by reference.

2. Plaintiff and Defendant entered in the Policy and Plaintiff paid all premiums with respect to same.

3. Plaintiff sustained a loss of funds pursuant to the terms of the Policy which Defendant was obligated to pay.

4. Despite being placed on notice of a claim within the terms of the Policy, Defendant has and continues to deny the claim and payment pursuant thereto.

5. Defendant's failure to pay to Plaintiff the loss of funds when such is required by the Policy is in bad faith.

6. As a result of Defendant's bad faith, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

A. A Declaratory Judgment that Plaintiff's loss of funds is required to be reimbursed to Plaintiff by Defendant pursuant to the Policy;

B. A Court Order requiring the payment of loss of funds from Defendant to Plaintiff pursuant to the Policy;

C. Compensatory damages;

D. Consequential damages;

E. Incidental damages;

F. Punitive damages;

G. Attorneys fees, sanctions and costs; and

H. Such other relief deemed by the Court to be equitable and just, as provided by law.

> PATRICK J. JENNINGS
> Counselor at Law
> 155 Polifly Road
> Suite 201
> Hackensack, New Jersey 07601
> Attorney for Plaintiff,
> U Flex Packaging Inc.
>
> By: _____
> PATRICK J. JENNINGS, ESQ.

Dated: May 14, 2024

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the Court is advised that Patrick J. Jennings is hereby designated as trial counsel for Plaintiff.

> PATRICK J. JENNINGS
> Counselor at Law
> 155 Polifly Road
> Suite 201
> Hackensack, New Jersey 07601
> Attorney for Plaintiff,
> U Flex Packaging Inc.
>
> By: _____
> PATRICK J. JENNINGS

Dated: May 14, 2024

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that pursuant to R. 4:5-1, to my knowledge and based on the information available to me at this time, the matter in controversy is not the subject of any other action pending in any Court, or of a pending arbitration proceeding and that no additional parties are known at this time who should be added.

PATRICK J. JENNINGS
Counselor at Law
155 Polifly Road
Suite 201
Hackensack, New Jersey 07601
Attorney for Plaintiff,
U Flex Packaging, Inc.

By: _____
PATRICK J. JENNINGS

Dated: May 14, 2024

## JURY DEMAND

Plaintiff, U Flex Packaging, Inc. demands trial by jury on all issues

PATRICK J. JENNINGS
Counselor at Law
155 Polifly Road
Suite 201
Hackensack, New Jersey 07601
Attorney for Plaintiff,
U Flex Packaging, Inc.

By: _____
PATRICK J. JENNINGS

Dated: May 14, 2024



# New Jersey Judiciary
## Civil Practice Division
# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1. Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

| For Use by Clerk's Office Only | | | | |
|---|---|---|---|---|
| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Patrick J. Jennings | (201) 342-2000 ext. | Bergen |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Law Office of Patrick J. Jennings | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 155 Polifly Road, Suite 201 | Hackensack | NJ | 07601 |

| Document Type | Jury Demand |
|---|---|
| Complaint and Jury Demand | ■ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| U Flex Packaging Inc., Plaintiff | U Flex Packaging Inc., vs. Great American Insurance Group |

Case Type Number (See page 3 for listing)  505

| | Yes | No |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ | ■ |
| Does this case involve claims related to COVID-19? | ☐ | ■ |
| Is this a professional malpractice case? | ☐ | ■ |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

| | Yes | No |
|---|---|---|
| Related Cases Pending? | ☐ | ■ |
| If "Yes," list docket numbers | | |

| | Yes | No |
|---|---|---|
| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ | ■ |

| | None | Unknown |
|---|---|---|
| Name of defendant's primary insurance company (if known) | ☐ | ■ |

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|
| Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation |
| Do parties have a current, past or recurrent relationship? ☐ Yes ■ No<br>If "Yes," is that relationship:<br>☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Familial   ☐ Business<br>☐ Other (explain) _____ |
| Does the statute governing this case provide for payment of fees by the losing party?   ■ Yes   ☐ No |
| Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition. |
| ♿ Do you or your client need any disability accommodations?   ☐ Yes   ■ No<br>If yes, please identify the requested accommodation:<br><br>Will an interpreter be needed?   ☐ Yes   ■ No<br>If yes, for what language? |
| **I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**<br><br>Attorney/Self-Represented Litigant Signature: _____ /s/ _____ |

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**     ☐ **Title 59**          ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-002850-24**

**Case Caption:** U FLEX PACKAGING INC . VS GREAT AMERICAN INSUR A

**Case Initiation Date:** 05/14/2024

**Attorney Name:** PATRICK J JENNINGS

**Firm Name:** PATRICK J. JENNINGS

**Address:** 155 POLIFLY ROAD SUITE 201 HACKENSACK NJ 07601

**Phone:** 2013422000

**Name of Party:** PLAINTIFF : U Flex Packaging Inc.

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: U Flex Packaging Inc.?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/14/2024                                                                /s/ PATRICK J JENNINGS
Dated                                                                     Signed